<br>

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVIAN WALL, on behalf of minor J.I.W., <br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | ) Case No.: 1:16-cv-00752 - JLT<br>)<br>) ORDER GRANTING THE MOTION TO APPOINT<br>) VIVIAN WALL AS GUARDIAN AD LITEM FOR<br>) MINOR PLAINTIFF J.I.W.<br>)<br>) (Doc. 3)<br>)<br>) |

　　On October 28, 2015, Vivian Wall initiated this action on behalf of her fourteen-year-old son J.I.W. and requested to be appointed as his guardian ad litem. (Docs. 1, 3)

　　"A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). A court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

　　J.I.W. resides in California and the state's law determines that an individual under the age of eighteen is a minor and may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a). The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*,

795 F.2d 796, 804 (9th Cir. 1986).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

Here, J.I.W. is the fourteen-year-old son of Vivian Wall.  *See* Cal. Fam. Code § 6502.  Ms. Wall does not have competing interests with J.I.W., because the only claim asserted is on behalf of J.I.W. Accordingly, appointment of Ms. Wall as guardian ad litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) ("[a] parent is generally appointed guardian ad litem"). Therefore, the Court is acting within its discretion to grant the application.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The motion for appointment of Vivian Wall as guardian ad litem for J.I.W. (Doc. 3) is **GRANTED**; and
2. Vivian Wall is appointed to act as guardian ad litem for Plaintiff J.I.W., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:   **June 2, 2016**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE