# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN WALL, on behalf of minor J.W., | Case No.: 1:16-cv-0752 - JLT |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | (Doc. 28) |
| Defendant. | |

Vivian Wall, guardian ad litem for minor plaintiff J.W., seeks an award of attorney fees for counsel Melissa Newel pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 28) Because the request for fees was not timely, as explained below, Plaintiff's motion for attorney fees under the EAJA is **DENIED**.

**I.    Background**

In September 2009, an application for benefits was filed on behalf of J.W., alleging disability beginning June 15, 2006. (Doc. 12-7 at 2) The Social Security Administration determined J.W. was not disabled and denied the application on December 23, 2009. (Doc. 12-5 at 2) The decision was not appealed (see Doc. 12-8 at 65), and became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1405; *see also Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant in this action.

1

On October 7, 2017, Ms. Wall filed a second application on behalf of J.W. (Doc. 12-8 at 65) The Social Security Administration denied the claim initially and upon reconsideration. (Doc. 12-5 at 7-10, 13-15) After requesting a hearing, Ms. Wall and J.W. appeared before an ALJ on July 26, 2012. (*See* Doc. 12-3 at 41-42) The ALJ determined J.W. was not disabled as defined by the Social Security Act and issued an order denying benefits on September 7, 2012. (Doc. 12-4 at 31)

The Appeals Council reviewed the decision and remanded it to an ALJ for further consideration on October 17, 2013. (Doc. 12-4 at 56-68) The Appeals Council directed the ALJ to obtain additional evidence regarding J.W.'s impairments, including evidence "from a pediatric and/or psychological medical expert;" evaluate medical source opinions "and explain the weight given to such opinion evidence;" further evaluate J.W.'s "subjective complaints, lay witness testimony, and third party statements;" and "give further consideration to the child's ability to function in an age appropriate manner for the entire period at issue." (*Id.* at 57-58)

On February 11, 2015, another ALJ held a hearing at which J.W. and Ms. Wall testified. (*See* Doc. 12-3 at 73) The ALJ determined Plaintiff was not disabled under the Social Security Act and issued an order denying benefits on September 25, 2015. (*Id.* at 11-32) Plaintiff again requested a review by the Appeals Council of Social Security, which declined to review the second ALJ's decision. (*Id.* at 2) Thus, the ALJ's determination became the decision of the Commissioner.

Plaintiff initiated the action before this Court on May 27, 2016, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ failed to address a conflict in the medical record and erred in evaluating the record. (Doc. 26 at 1, 8-9) The Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on March 2, 2018. (*Id.* at 9-10)

Following the entry of judgment on March 2, 2018 (Doc. 27), Plaintiff filed the motion for fees under the EAJA now pending before the Court on June 1, 2018. (Doc. 28) The Commissioner filed its opposition to the motion on June 28, 2018. (Doc. 30) The Commissioner argues Plaintiff's motion should be denied as untimely. (*Id.* at 2)

**II.     Legal Standards**

The EAJA provides that "[a] party seeking an award of fees and other expenses shall, *within thirty days* of final judgment in the action, submit to the court an application for fees and other

expenses . . . ." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). In Social Security actions where the Court remands the action pursuant to sentence four of Section 405(g), "the filing begins after the final judgment … is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *see also Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a remand pursuant sentence four of Section 405(g) becomes a final judgment for purposes of attorney fees under the EAJA upon expiration of the time for appeal).

The time for appeal in a civil case in which the federal government is a party ends sixty days after the entry of judgment. Fed.R.App.P. 4(a); *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Judgment is considered entered under Rule 4(a) when it is entered in compliance with Rule 58 of the Federal Rules of Civil Procedure, which, in turn, provides that judgment is deemed entered when set out in a separate document on the Court's docket. Fed. R. App. P. 4(a); *see also* Fed. R. Civ. P. 58(c).

The time limits for submitting EAJA fee applications are strictly construed because the EAJA is a waiver of sovereign immunity. *Arulampalam v. Gonzales*, 399 F.3d 1087, 1089 (9th Cir. 2005). Thus, untimeliness of a motion is a statutory bar that requires denial of the EAJA fee application. *See id.* at 1090.

**III.   Discussion and Analysis**

The Court entered judgment in this case on March 2, 2018. (Doc. 27) As the Commissioner observes, the judgment became final and "[t]he sixty-day appeal period ended on May 1, 2018." (Doc. 30 at 2, citing *Melkonyan*, 501 U.S. at 102) Therefore, Plaintiff's motion for any attorney fees under the EAJA was to be filed within thirty days, or no later than May 31, 2018. *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff filed the motion now pending before the Court on June 1, 2018.

Significantly, courts have repeatedly determined that a motion for EAJA fees filed even one day late are barred. *See, e.g.*, *Monark Boat Co. v. N.L.R.B.*, 708 F.2d 1322, 1328-29 (8th Cir.1983) (finding "strict compliance not merely substantial compliance" with the filing deadlines of the EAJA was required, and there was no error for the denial of an application for fees that was submitted one day late); *Hernandez-Garcia v. Nicholson*, 485 F.3d 651, 652 (Fed. Cir. 2007) (affirming the dismissal of an EAJA application, filed one day late, as untimely); *SAI Indus. Corp. v. United States*, 421 F.3d 1344, 1346 (Fed. Cir. 2005) (affirming the dismissal of an EAJA application, filed one day late, as untimely);

*Brossard v. Astrue*, 152 Soc. Sec. Rep. Service 110, 2010 WL 1734836 at *2 (W.D. Wash. Apr. 8, 2010) (observing that while denial of a motion as untimely "may be a harsh result for filing a pleading one day late, it is the result the law compels").

Similarly, this Court determined in *Moua v. Colvin* that a motion for EAJA fees filed thirty-one days after the appeal period was untimely and should be denied. *Id.*, 2015 WL 3991170 at *3-4 (E.D. Cal. June 30, 2015) In so holding, the Court observed that the Supreme Court of the United States had indicated, "If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline." *Id.*, citing *United States v. Locke*, 471 U.S. 84, 100-101 (1985). Because the plaintiff did not argue that he was entitled to equitable tolling of the statutory deadline, the Court determined the deadline for filing an EAJA motion should not be equitably tolled, and must be denied as untimely.

Inexplicably, Plaintiff asserted that the motion was filed "within thirty days of entry of final judgment as required by … statute." (Doc. 28 at 2) After the Commissioner opposed the motion as untimely, Plaintiff did not file a brief in response. As such, Plaintiff offers no explanation for the untimely filing and presents no argument that the filing deadline should be equitably tolled. The Court cannot speculate as to the reason the motion was not timely and cannot manufacture arguments on Plaintiff's behalf. Accordingly, the deadline should not be equitably tolled, and the motion for attorney fees must be denied as untimely. *See Monark Boat Co.,* 708 F.2d at 1328-29; *Moua*, 2015 WL 3991170 at *3-4.

### IV.     Conclusion and Order

Based upon the foregoing, the Court finds Plaintiff's motion for EAJA fees was not filed within the timeframe required by 28 U.S.C. § 2412(d)(1)(B). Accordingly, the Court **ORDERS**: Plaintiff's motion for attorney's fees (Doc. 28) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 28, 2018**              /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

4